**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORTH STAR CAPITAL
ACQUISITIONS, LLC,

    Plaintiff,

vs.                                                             Case No.  3:07-cv-264-J-32MCR

LYNN S. KRIG,

    Defendant,

_____

CAPITAL ONE BANK,

    Plaintiff,

vs.                                                             Case No.  3:07-cv-265-J-32MCR

JEAN C. MILLER,

    Defendant,

_____

CAPITAL ONE BANK,

    Plaintiff,

vs.                                                             Case No.  3:07-cv-266-J-32MCR

MARY B. LIVINGSTON,

    Defendant,

_____

CAPITAL ONE BANK,

    Plaintiff,

vs.                                                           Case No.  3:08-cv-1016-J-32MCR

CHRISTINE BRANNON,

    Defendant.

_____

**FINAL APPROVAL ORDER AND JUDGMENT**
**APPROVING CLASS ACTION SETTLEMENT**

**THIS CAUSE** came before the Court on January 5, 2011 for a Fairness Hearing, after notice thereof was given to all class members who could be identified through reasonable effort. (Doc. 153 in Case No. 3:07-cv-265). The purpose of the Fairness Hearing, the record of which is incorporated by reference, was (a) to determine whether this action should for settlement purposes be certified as a class action pursuant to Rule 23(b)(3), Fed.R.Civ.P.; (b) to determine whether the Class Action Settlement Agreement (Doc. 142 in Case No. 3:07-cv-265, hereinafter referred to as the "Settlement" or "Settlement Agreement") between Mary B. Livingston, Jean C. Miller, Lynn S. Krig, and Christine Brannon, on the one hand, and Capital One Bank (USA), N.A., North Star Capital Acquisitions, LLC, Robert J. Orovitz, P.A. and Robert J. Orovitz, on the other hand, is fair, reasonable, just and adequate and should be finally approved; (c) to determine the amount of attorneys' fees and expenses that should be awarded; (d) to determine the amount of the incentive award that should be awarded to the Class Representatives; (e) to entertain any objections of any affected persons as to approval of the Settlement Agreement, and all matters related thereto; (f) to determine whether final judgment should be entered thereon, pursuant to the terms of the Settlement Agreement; and (g) to rule on all other matters related to or impacted by the Settlement Agreement.

The Court preliminarily approved the proposed Settlement Agreement between the parties by Order dated October 19, 2010 (Doc. 149 in Case No. 3:07-cv-264, the "Preliminary Approval Order"), and directed notice to the Settlement Class of the status of the pendency of this class action and the terms of the proposed settlement, the manner of

submitting objections, the manner of submitting requests for exclusion, and the date of the Fairness Hearing (Doc. 149-1; the "Class Notice").

The Court has considered the terms of the Settlement Agreement between the parties, reviewed all pleadings, relevant briefs and other papers in this matter, considered the objections, heard arguments of counsel, and deliberated and considered the totality of the circumstances surrounding the Settlement Agreement.[1]  Based upon the foregoing, the Court hereby **ENTERS FINAL JUDGMENT** as follows:

## INTRODUCTION

The actions styled *Capital One Bank v. Miller*, Civil Action No. 3:07-CV-265-J-32MCR (the "Miller Action"); *Capital One Bank v. Livingston,* Civil Action No. 3:07-CV-266-J-32MCR (the "Livingston Action"); and *Capital One Bank v. Brannon,* Civil Action No. 3:08-CV-1016-J-32MCR (the "Brannon Action"), were originally commenced on behalf of Capital One in Small Claims Court (Duval County, Florida) by Orovitz, asserting claims for breach of contract, account stated, and money lent against Miller, Livingston, and Brannon related to outstanding balances on their Capital One credit cards.  Similarly, the action styled *North Star Capital Acquisitions, LLC v. Krig,* Civil Action No. 3:07-CV-264-J-32MCR (the "Krig Action"), was originally commenced on behalf of North Star in Small Claims Court (Duval County, Florida) by Orovitz, asserting claims for breach of contract, account stated, and money lent against Krig related to an outstanding balance on her Visa Gold credit card.  North Star had purchased the debt allegedly in default.

---

[1]  The terms and definitions used in the Settlement Agreement are incorporated herein by reference and are adopted for use herein.

Prior to the filing of the Livingston and Brannon Actions, Capital One assigned the Livingston and Brannon accounts to Data Search NY, Inc. d/b/a TRAK America ("TRAK") for collection management services. TRAK, in turn, engaged Orovitz to collect the overdue credit card balances on behalf of Capital One. Prior to the filing of the Miller Action, Capital One assigned the Miller account to Total Debt Management, Inc. f/k/a TSYS Total Debt Management, Inc. ("TDM") for collections and collection litigation. TDM, in turn, retained Orovitz as counsel to collect the overdue credit card balances on behalf of Capital One. Finally, prior to the filing of the Krig Action, North Star assigned the Krig account to TRAK for collection management services. TRAK, in turn, engaged Orovitz to collect the overdue credit card balances on behalf of North Star.

In each of the actions filed against Class Counterclaim Plaintiffs, at the time Class Counterclaim Plaintiffs were served with their respective Summons and Complaint, they were also served with a letter and proposed "Stipulation for Entry of Judgment Execution Withheld" from Orovitz seeking to resolve the dispute without the need to go to court. Based on the letter from Orovitz, Class Counterclaim Plaintiffs asserted counterclaims on behalf of themselves and those similarly situated against Counterclaim Defendants for abuse of process, violation of the FCCPA, violation of the FDUTPA, and the FDCPA. The parties have agreed to a settlement of these consolidated actions.

## **JURISDICTION**

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Members of the Settlement Class.

## **CLASS FINDINGS**

The Court finds, for purposes of the Settlement, that the requirements of Fed. R. Civ. P. 23(a), the United States Constitution, and the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

1. This Court has subject matter jurisdiction over the claims at issue in this Action, as well as *in personam* jurisdiction over the named parties and the Capital One Settlement Class and the North Star Settlement Class.

2. The Preliminary Approval Order, which preliminarily approved the class action settlement, was appropriate and warranted under the circumstances.

3. The Capital One Settlement Class, as defined in Paragraph 1.04 of the Settlement Agreement, and the North Star Settlement Class, as defined in Paragraph 1.15 of the Settlement Agreement (both classes referred to collectively as the "Settlement Class"), should, for settlement purposes, be certified pursuant to Rule 23(b)(3), Fed.R.Civ.P. The two classes are defined as follows:

> **Capital One Settlement Class**
>
> All purported debtors of Capital One, who were sued by Capital One in small claims court in Florida and, between December 7, 2002 and March 2, 2007, were served with a Summons, Complaint, Letter, and the Stipulation, except those individuals who are in bankruptcy, presently have a Counterclaim pending against Capital One, or if the owner of the subject account is now deceased.
>
> **North Star Settlement Class**
>
> All purported debtors of North Star, who were sued in small claims court in Florida and, between December 13, 2002 and March 2, 2007, were served with a Summons, Complaint, Letter

5

and the Stipulation, except those individuals who are in bankruptcy, presently have a Counterclaim pending against North Star, or if the owner of the subject account is now deceased.

4. The Capital One Settlement Class and the North Star Settlement Class are sufficiently well-defined and cohesive to warrant certification as a class under Fed. R. Civ. P. 23(a) and 23(b)(3).

5. The claims of Mary B. Livingston, Jean C. Miller, Lynn S. Krig, and Christine Brannon are typical of the claims of the Capital One Settlement Class and the North Star Settlement Class, in that they arose out of the same pattern of alleged misconduct which injured members of the Capital One Settlement Class and the North Star Settlement Class.

6. Mary B. Livingston, Jean C. Miller, Lynn S. Krig, and Christine Brannon are adequate class representative whose interests are consistent with the interests of the Capital One Settlement Class and the North Star Settlement Class.

7. William G. Cooper, George E. Ridge, Tiffiny Douglas Safi, and Lynn Drysdale, as Class Counsel, have fairly and adequately represented the interests of the Settlement Class.  In making that determination, the Court considered these factors: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel committed to representing the class.

8. Class Counsel have a wide range of experience with respect to complex and class action litigation.  Class Counsel have demonstrated their familiarity with the claims and

facts in this case, and have negotiated, at arms length, a fair, adequate and reasonable settlement. The Court finds that the "adequacy of representation" requirements of Rule 23(a)(4) have been satisfied.

9. Each of the Class Representatives has standing to assert their claims.

10. This case is manageable for settlement purposes with certification of the above defined Capital One Settlement Class and the North Star Settlement Class. Class action resolution of the claims at issue is superior to individual litigation for the fair and efficient adjudication of the controversy, since individual litigation could be prohibitively expensive for unrepresented class members to pursue. See Roper v. Consurve, Inc., 578 F.2d 1106, 1112 (5th Cir. 1978) (class certification appropriate where claims of a large number of individuals can be adjudicated at one time, with less expense than would be incurred in any other form of litigation).

11. The Settlement Class of over 9,000 members is so numerous that joinder of all Settlement Class Members is impracticable. See Kuehn v. Cadle Co., Inc., 245 F.R.D. 545, 548 (M.D. Fla. 2007) ("Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'") (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)). Accordingly, the "numerosity" requirements of Rule 23(a)(1) are satisfied.

12. There are questions of law or fact common to the Settlement Class Members in that the claims asserted against the Counterclaim Defendants all involve the same Letter and Stipulation served by Orovitz. See Williams v. Mohawk Indus., Inc., 568 F.3d 1350,

1355 (11th Cir. 2009) ("Commonality requires 'that there be at least one issue whose resolution will affect all or a significant number of the putative class members.'") (quoting Stewart v. Winter, 669 F.2d 328, 335 (5th Cir. 1982)). The requirements of Rule 23(a)(3) and Rule 23(b)(3) are satisfied based upon the Court's analysis of the legal and factual issues in this action.

13.     The Class Representatives and Class Counsel have fairly and adequately protected the interest of the Settlement Class Members. See Landon v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1254 (11th Cir. 2004) ("Adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interest of the … class' and 'whether plaintiffs have interest antagonistic to those of the rest of the class.'") (quoting Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987).

14.     Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated.  The Class Notice contained all of the essential elements necessary to satisfy any due process concerns.  Specifically, the Class Notice fairly and adequately: (1) described the terms and effect of the Agreement and of the Settlement, (2) gave notice to the Settlement Class of the time and place of the Fairness Hearing, and (3) described how the recipients of the Class Notice may exclude themselves from the Settlement Class and/or object to approval of the Settlement.  The content of the Notice, therefore, satisfied all requirements of Rule 23, Fed.R.Civ.P., and due process.

15.     The manner in which the Notice was disseminated satisfied the requirements

of due process and Rule 23, Fed.R.Civ.P.  The Class Notice was mailed at the Court's direction to all Settlement Class Members whose names and last known addresses were reasonably available.  In addition, all Notices that were returned by the U.S. Postal Service with a "Forwarding Order Expired" notation and a new address were re-mailed to updated addresses.  The Court further finds that the timing of the dissemination of the Class Notice, at least 45 days prior to the Fairness Hearing, comports with due process and the requirements of Rule 23, Fed.R.Civ.P.

16. The discovery in this case has been completed.  The Court has had the benefit of the evidence and arguments presented at hearings in this case, the records of which are incorporated by reference herein.  These hearings, as well as a review of all the pleadings, relevant motions and briefs, have enabled the Court to evaluate the strength of the Counterclaim Plaintiffs' claims, the propriety of class certification, and the value of the Settlement.

17. The Settlement proposed by the parties is fair, adequate and reasonable, and it deserves final approval.  It provides immediate benefits to all Settlement Class Members in the form of significant relief and benefits.  Of significance, the benefits afforded the Settlement Class Members - full debt relief on the Subject Accounts and credit reporting relief insofar as the three main credit reporting agencies will be requested to delete the applicable tradelines - could not have been secured in the litigation, even if the Counterclaim Plaintiffs prevailed.

18. The terms of the Settlement Agreement are favorable to the Settlement Class.  The parties have presented evidence to the Court which demonstrates that Settlement Class

Members have obtained fair, adequate and reasonable relief under this Settlement. The Settlement Class Members have collectively received a significant amount of debt relief.

19. The response of the Settlement Class to this Settlement has been overwhelmingly favorable. Not a single individual out of more than 9,000 Class Members has objected to the Settlement.

20. The Settlement avoids complex, expensive, and prolonged litigation which could have inured to the disadvantage of all parties. It is possible that absent a settlement, individual class members could have faced the risk of receiving no benefits or relief as a result of the Counterclaim Defendants prevailing on their affirmative defenses at trial.

## ATTORNEY'S FEES

Pursuant to the Settlement Agreement and Fed.R.Civ.P. 23(h), the Class Representatives have filed an unopposed Motion for An Award of Reasonable Attorney's Fees and Cost Reimbursement and for Incentive Awards to Class Representatives (Doc. 151 in 3:07-cv-265). Therein, the Class Representatives request an award of attorneys' fees, class representative fees, and court costs in the total amount of $700,000, which is the same amount contained in the Class Notice disseminated to the Settlement Class. Specifically, the Class Representatives seek attorneys' fees in the amount of $658,319.26 and reimbursement of out-of-pocket costs and expenses in the amount of $21,680.74, for a grand total of $ 680,000.00 advanced for legal services rendered in successfully obtaining a common benefit for the Settlement Class. Additionally, Class Representatives request incentive awards in the amount of $5,000 each (for a total of $20,000) for their active participation in this litigation over the course of over four years. The award request does not

in any way reduce the benefits payable to the Settlement Class under the Settlement Agreement. No objections have been raised to the Class Representatives' proposed fees and costs.

Pursuant to 15 U.S.C. § 1692k(3) and Fla. Stat. § 559.77(2), Class Representatives are entitled to reasonable attorneys' fees and the costs of these class actions given the settlement of the class claims which provides substantial relief to the members of the Settlement Class. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Su v. Electronic Arts, Inc., 2007 U.S. Dist. LEXIS 72961 at *9-10 (M.D. Fla. Aug. 29, 2007) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at *11, n.2 (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

As evidenced by the Affidavits of George E. Ridge and Lynn Drysdale, lead counsel representing Class Representatives, the billing rates for the attorneys involved in this litigation range from $275 to $350 per hour, and the billing rates for paralegals and law clerks involved in this litigation range from $60 to $125 per hour. See Docs. 151-1, 151-2 in 5:07-cv-265. Class Counsel have extensive experience in class action and consumer litigation with substantial expertise in the investigation and prosecution of complex litigation and class actions, including those involving violations of debt collection laws, securities fraud, unfair insurance sales practices and consumer fraud. See Doc. 120 in 3:07-cv-265, Composite

11

Exh. A, Resumes of William G. Cooper, George E. Ridge, Tiffiny Douglas Safi, and Lynn Drysdale. The Court finds that the hourly rates applied here are reasonable in light of the Jacksonville market and the expertise necessary to litigate class action claims in Federal Court. See Doc. 151-3 in 3:07-cv-265, Affidavit of James A. Kowalski, Jr., Esq. (opining that the hourly rates of $350.00 charged by the primary senior attorneys and $275.00 charged by the primary junior attorney are reasonable, necessary, usual and customary in the local market for legal services, and perhaps low given the experience of counsel involved in this matter).

Further, as opined by James A. Kowalski, Jr., Esq., a leading Jacksonville litigator who specializes in consumer protection, this was a class action in which Capital One, North Star and Orovitz vigorously defended the case for over four years. The case involved exceptional motion practice and briefing, which required time-consuming and extensive research and advocacy, and substantial discovery efforts. Though the parties continued settlement discussions throughout the four years, final settlement was not achieved until substantive legal issues were litigated and class certification briefing was sub judice. Accordingly, the 2,314.1 total hours spent by counsel in preparing and presenting this case were reasonable, necessary, usual and customary.[2]

Further, Class Representatives' request for reimbursement of out-of-pocket costs and expenses totaling $21,680.74, which costs are of the variety typically billed by attorneys to

---

[2] In addition, the Court notes that the $658,319.26 in fees sought by the Class Representatives is actually slightly less than the actual calculated lodestar amount based on the hours expended. See Doc. 151 in 3:07-cv-265 at 7-8.

clients in the normal course of business, is reasonable. See Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). Likewise, the $5,000 incentive awards to the named Class Representatives, who (1) initiated these class actions to enforce the FDCPA and FCCPA with full knowledge of their required active participation and the potential exposure to Counterclaim Defendants' attorneys' fees under federal and state law; and (2) responded to document production requests and interrogatories and attended depositions, mediations and hearings, is appropriate given the substantial benefits conferred to over 9,000 Florida residents as a result of the Settlement. See Pinto v. Princess Cruise Lines, Ltd., 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007).

Accordingly, and for the additional reasons stated on the record at the Fairness Hearing, it is hereby

**ORDERED:**

1. The Joint Motions to Approve Settlement (Doc. 116 in Case No. 3:07-cv-264; Doc. 152 in Case No. 3:07-cv-265; Doc. 20 in 3:08-cv-1016) are **GRANTED.**

2. The Court, for settlement purposes, certifies the Settlement Class, defined in the Settlement Agreement as follows:

> **Capital One Settlement Class**
>
> All purported debtors of Capital One, who were sued by Capital One in small claims court in Florida and, between December 7, 2002 and March 2, 2007, were served with a Summons, Complaint, Letter, and the Stipulation, except those individuals who are in bankruptcy, presently have a Counterclaim pending against Capital One, or if the owner of the subject account is now deceased.

13

### North Star Settlement Class

All purported debtors of North Star, who were sued in small claims court in Florida and, between December 13, 2002 and March 2, 2007, were served with a Summons, Complaint, Letter and the Stipulation, except those individuals who are in bankruptcy, presently have a Counterclaim pending against North Star, or if the owner of the subject account is now deceased.

3. The certification of this proceeding as a class action pursuant to Rule 23(b)(3), Fed.R.Civ.P., is finally **APPROVED**.

4. The Class Representatives, as well as Class Counsel, have fairly and adequately represented and protected the interests of the Settlement Class.

5. The method of identifying Settlement Class members, as well as the timing, method, content and form of the Class Notice given to the Settlement Class Members, and the dissemination thereof, satisfied the requirements of both Rule 23, Fed.R.Civ.P., and due process. A list of the Non-Excluded Class Members bound by this Final Judgment is attached hereto as **Exhibit "A."**

6. The Settlement set forth in the Settlement Agreement is, in all respects, fair, reasonable, adequate and just to the Settlement Class Members, and is finally **APPROVED**. Judgment as set forth herein is entered thereon, and the parties are directed to perform and carry out their respective obligations under the Settlement Agreement as approved by this Final Judgment and otherwise consistent therewith. The Settlement Agreement does not preclude an action to enforce its terms or this Final Judgment.

7. Class Representatives and all Non-Excluded Class Members release Capital One; North Star; Robert J. Orovitz, P.A.; Hayt, Hayt & Landau, P.L.; Hayt Hayt & Landau;

Robert J. Orovitz; Data Search NY, Inc. d/b/a TRAK America; Total Debt Management, Inc., and/or their past, present, and future employees, stockholders, officers, directors, partners, agents, debt collectors, attorneys, insurers, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, predecessors, officers, directors, successors, and/or assigns from any and all past, present or future claims for relief, causes of action, counterclaims or crossclaims, suits, petitions, demands in law or equity, or any allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that have been, could have been, may be or could be asserted by the Releasors in this Litigation or in any other action, court, arbitration, tribunal or administrative body, regardless of whether those claims are based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether those claims are foreseen or unforeseen, suspected or unsuspected, known or unknown, fixed or contingent at the time of this Settlement, that are based upon, arise out of, or are related to, or in any way connected with, directly or indirectly, in whole or in part, the Subject Accounts, any aspect of the Subject Accounts or which in any way relate to the Subject Accounts, or the Letter and Stipulation that was sent by Orovitz to the Settlement Class Members.

8. All claims asserted in this action against the Counterclaim Defendants are **DISMISSED** on the merits and **WITH PREJUDICE**. Class Representatives and all Non-Excluded Class Members are permanently enjoined from bringing or prosecuting any claim or action which is released under Paragraph 7 above.

9. Class Representatives, all Non-Excluded Class Members, and Counterclaim

Defendants retain all rights not released or adjudicated by the Settlement Agreement or this Final Order and Judgment.

10. Counterclaim Defendants provided notice of the Settlement to the United States Attorney General, the Florida Attorney General, and the Office of the Comptroller of the Currency in accordance with the Class Action Fairness Act, 28 U.S.C. §1715. In addition, the Fairness Hearing was conducted more than 90 days after the notice was provided by the Counterclaim Defendants, in accordance with 28 U.S.C. §1715(d).

11. The Class Representatives' unopposed Motion for An Award of Reasonable Attorney's Fees and Cost Reimbursement and for Incentive Awards to Class Representatives (Doc. 115 in Case No. 3:07-cv-264; Doc. 151 in Case No. 3:07-cv-265; Doc. 19 in Case No. 3:08-cv-1016) are **GRANTED**. The Court finds and determines that Class Counsel and Class Representatives should be and are awarded the sum of $700,000.00, as compensation for their services in the prosecution and settlement of this action, to be paid in accordance with the Settlement Agreement. This sum satisfies all obligations of all the Counterclaim Defendants in regard to any claim for attorneys' fees, expenses, class representative fees, court costs, incentive awards, and/or monetary relief to Class Representatives or the class as a whole. Counterclaim Defendants shall have no other liability or responsibility, separately or severally, relating to the division of fees between and among Class Counsel.

12. The Court retains continuing jurisdiction over: (a) all matters and issues relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and this Final Order and Judgment,  and (b) all parties to this action,

including all Non-Excluded Settlement Class Members, for the purposes of enforcing and administering the Settlement Agreement and this Final Order and Judgment.

13. The Clerk shall close the files.

**DONE** and **ORDERED** this 10th day of January, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies to:
All counsel of record

Attachment: Exhibit A (Non-Excluded Class Members)